UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED by _PC_ D.C.
OCT 16 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA – MIAMI

Grace Solis
    Plaintiff,

v.                                  Case No. 18CV23918-Cooke/Goodman

FIRST NATIONAL COLLECTION BUREAU, INC
    Defendants

**FIRST AMENDED COMPLAINT**

COMES NOW, the Plaintiff, Grace Solis, *pro se*, who brings this action against the Defendant FIRST NATIONAL COLLECTION BUREAU, INC") or ("Defendant"), and as grounds thereof would allege as follows:

**INTRODUCTION**

1. This action is brought by Plaintiff for Defendant's violations of the Florida Consumer Collection Practices Act Fla. Stat., §§ 559.55-559.785 ("FCCPA"), for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA") and the Fair *Debt* Collections Practices Act (FDCPA) 15 U.S.C. §1692.

2. Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular phone in an attempt to collect an alleged debt in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the FCCPA and the TCPA.

3. The FCCPA prevents persons from engaging in abusive, deceptive, and unfair collection practices.

4. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone

1

dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call". 47 U.S.C. §227(b)(1)(A).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 47 U.S.C. § 227, Fla. Stat. §47.051, 15 U.S.C. §1681p, 15 U.S. C. §1692 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

7. This is an action for damages which exceed $20,000.

8. Jurisdiction is conferred on this court by 28 U.S.C. §1692K, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

9. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

10. This action arises out of the Defendant's repeated violations of the Florida Consumer Collection Practices Act (FCCPA) FLA STAT §559 (Part VI).

11. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Florida and this suit arises out of their specific conduct with Plaintiff in Florida. All the actions described in this suit occurred in Florida.

12. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $11,000.

## PARTIES

13. Plaintiff, Grace Solis, is a natural person and is a resident of the State of Florida. Plaintiff is a consumer as that term is defined by the FCCPA §559.55(2).

14. Defendant, FIRST NATIONAL COLLECTION BUREAU, INC is a debt collector with a principal address at 610 Waltham Way, McCarran, NV 89434, is an entity who at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as defined by Fla. Stat. § 559.77

15. FIRST NATIONAL COLLECTION BUREAU, INC is licensed as a debt collector with the State of Florida, license #CCA0900315 (Exhibit A).

## FACTUAL ALLEGATIONS

16. Plaintiff, Grace Solis, is a natural person and is a resident of the State of Florida. Plaintiff is a consumer as that term is defined by the FCCPA §559.55(2).

17. Defendant, FIRST NATIONAL COLLECTION BUREAU, INC (DEFENDANT), is a debt collector and an entity who at all relevant times was engaged, by the use of the US mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as defined by Fla. Stat. § 559.77

18. Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

19. Defendant is a "debt collector" as that term is defined under FDCPA 15 U.S.C. §1692a(6) and Fla. Stat. § 559.55(6).

20. Defendant is a debt buyer and was not assigned the alleged debt.

21. Upon information and belief, Defendant by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect an alleged

3

33. On September 23, 2015, Plaintiff called the number and asked who they were and why she was being called. The female that answered said there was no reason to call Plaintiff and stated she removed Plaintiff's number from their auto dialer.

34. Defendant continued to call Plaintiff and when she answered, no one was on the line.

35. Plaintiff called Defendant again on August 19, 2016 and asked why were they still calling Plaintiff and Plaintiff was told there was no reason for the calls.

36. All of the above calls to Plaintiff were made without Plaintiff's consent and in connection with the collection of an alleged consumer debt.

37. Each call is a separate, unique, and distinct incident, each call is a separate FCCPA violation and a separate count in this lawsuit.

38. Each call was an attempt to collect an alleged, non-existing debt.

39. This phone number is known to be numbers used by the Defendant in debt collection calls to consumers using an automatic telephone dialing system with the capacity to store or produce telephone numbers to be called and using a random or sequential number generator to dial such numbers.

40. Each call harassed, annoyed, irritated and emotionally distressed Plaintiff because she had to spend time retrieving her cell phone to identify the caller.

41. The automated calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent.

42. Plaintiff at or near the time of each call made handwritten notes.

43. Defendant never sent Plaintiff a debt collection letter within 5 days of the first call.

44. Upon information and good faith belief, the telephone calls identified above were placed to Plaintiff's wireless phone number using an automatic telephone dialing system (ATDS).

45. Upon information and belief, Defendant voluntarily placed these calls to Plaintiff's cell phone.

46. Upon information and belief, Defendant placed these calls to Plaintiff under its own free will.

47. Upon information and belief, the Defendant had knowledge that it was using an automatic telephone dialing system to place each of the calls to Plaintiff's cell phone.

48. Upon information and belief, the Defendant intended to use automatic telephone dialing system to place each of the calls to Plaintiff's cell phone.

49. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless cell phone.

50. The TCPA is a strict liability statute.

51. Each call is a separate, unique and distinct act.

52. Plaintiff attempted to settle these matters with Defendant prior to bringing this action.

53. This complaint is brought within the statute of limitations pursuant to 47 U.S.C. § 227.

## VIOLATION OF TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) BY DEFENDANT FIRST NATIONAL COLLECTION BUREAU, INC
### COUNT I

54. Plaintiff re-alleges, repeats, and incorporates by references paragraphs 1 through 53.

Florida Department of State                                     DIVISION OF CORPORATIONS



Department of State / Division of Corporations / Search Records / Detail By Document Number /

# Detail by Entity Name

Foreign Profit Corporation
FIRST NATIONAL COLLECTION BUREAU, INC.

### Filing Information

| | |
|---|---|
| **Document Number** | F02000001795 |
| **FEI/EIN Number** | 88-0284760 |
| **Date Filed** | 04/09/2002 |
| **State** | NV |
| **Status** | ACTIVE |

### Principal Address

50 W LIBERTY ST STE 250
Reno, NV 89501

Changed: 04/23/2018

### Mailing Address

50 W LIBERTY ST STE 250
Reno, NV 89501

Changed: 04/23/2018

### Registered Agent Name & Address

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

Name Changed: 07/10/2017

Address Changed: 08/01/2003

### Officer/Director Detail

**Name & Address**

Title P

JARDON, BRADLEY L
50 W. Liberty St., Ste 250
Reno, NV 89501

Title VPS

MONTENEGRO, JR., ELISEO

Exhibit C

http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=Entit...  10/11/2018




730 86th Street
Miami Beach, FL  33141


October 10, 2018


Wilkie D. Ferguson, Jr. US Courthouse
Attn:  Clerk's Office, 8th Floor
400 North Miami Avenue
Miami, FL  33128

Via Certified Mail #7018 1130 0000 3964 8214

Re:  Case #18cv23918-Cooke/Goodman-Solis v. First National Collection Bureau, Inc.

To Whom May Concern:

Please file the attached First Amended Complaint for this case.  Thank you.

Sincerely,

Grace D Solis